UNITED STATES DISTRICT COURT
SOUTHEN DISTRICT OF FLORIDA

CASE NO. 19-cv-60557-RKA

A&E ADVENTURES, LLC, a Florida Limited
Liability Company

    Plaintiff,

v.

INTERCARD, INC., a Nevada
corporation,

Defendant.
_____/

**INTERCARD, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Intercard, Inc. ("Intercard"), hereby files its Answer and Affirmative Defenses to A&E Adventures, LLC's Class Action Complaint and Demand for Jury Trial and states:

**Jurisdiction, Parties, and Venue**

1. Intercard admits that this is an action which seeks damages and that this Court has jurisdiction, but denies that Plaintiff is entitled to any relief. All allegations in paragraph 1 that are not specifically admitted are hereby denied.

2. Admitted.

3. Admitted.

4. Intercard denies that it caused any injury to Plaintiff and therefore denies the allegation.

5. Intercard denies that any cause of action accrued, but admits that venue is proper in Broward County based on the allegations.

## General Allegations

6. Intercard admits that it manufactures magnetic strip card-reading hardware and software for arcades, casinos, and other industries, but denies that the quotations in the complaint are currently located on the cited webpage. Intercard admits that it has used the phrase "World Leader in Cashless Technology" in its advertising materials. All allegations in paragraph 6 that are not specifically admitted are hereby denied.

7. Denied.

## Allegations Specific to Plaintiffs

**A.   A&E's Purchase and Deployment of the Systems**

8. Admitted.

9. Intercard admits that Plaintiff purchased certain products and services, which are reflected on invoices (*see* DE 10-1) but denies any allegations inconsistent with those documents. All allegations in paragraph 9 that are not specifically admitted are hereby denied.

10. Admitted.

11. Admitted.

12. Intercard does not know why Plaintiff bought "the produce" and therefore denies the allegation.

13. Admitted.

**B.   The Defective Systems**[1]

14. Denied.

---

[1] Intercard is copying the headings drafted by Plaintiff in its Complaint, but denies that any system was defective.

2

15.     Intercard admits that, as a result of certain customizations requested by Plaintiff, Intercard had to fix certain software issues, but denies that any of the identified issues were defects. All allegations in paragraph 15 that are not specifically admitted are hereby denied.

16.     Denied.

17.     Intercard admits that it does have a reservation system called Shindigger. Plaintiff never ordered or paid for any birthday booking software, so Intercard denies the remaining allegations.

18.     Intercard is without knowledge as to whether there were any 'outages' and when these 'outages' occurred and therefore denies the allegation.

19.     Intercard admits that the Systems experienced certain QR Code issues, as a result of software customizations requested by Plaintiff, but the issues were repaired.  All allegations in paragraph 19 that are not specifically admitted are hereby denied.

20.     Intercard admits that the Systems were reporting negative balances, as a result of software customization requested by Plaintiff, but the issue was repaired.  All allegations in paragraph 20 that are not specifically admitted are hereby denied.

21.     Denied.

22.     Intercard admits that it billed Plaintiff $9,056.56 for cloud service because Plaintiff failed to pay the amounts owed to Intercard. Intercard admits that Plaintiff through counsel contacted Intercard via letter, but denies any allegations inconsistent with the letter.

23.     Intercard admits that it did discontinue Plaintiff's access to its database in December 2018 after attempts to collect payment from Plaintiff for amounts due failed. Intercard provided notice of the disconnection to Plaintiff and provided Plaintiff with a data file

3

with relevant information. All allegations in paragraph 23 that are not specifically admitted are hereby denied.

24. Denied.

25. Denied

26. Intercard admits that Plaintiff has counsel, but is without knowledge as to the financial relationship and denies any allegation not specifically admitted.

### Count I- Breach of Express Warranty

27. Intercard repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.

28. Admitted.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

WHEREFORE, Intercard denies that Plaintiff is entitled to any relief.

### Count II- Breach of Implied Warranty of Fitness for a Particular Purpose

33. Intercard repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.

34. Admitted.

35. Admitted.

36. Intercard is without knowledge as to Plaintiff's state of mind and therefore denies the allegation.

37. Denied.

38. Denied.

39. Denied.

WHEREFORE, Intercard denies that Plaintiff is entitled to any relief.

### Count III- Promissory Estoppel

40. Intercard repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.

41. Denied.

42. Intercard is without knowledge as to Plaintiff's state of mind and therefore denies the allegation.

43. Intercard is without knowledge as to Plaintiff's state of mind and without knowledge of Plaintiff's change in position or its plans and therefore denies the allegation.

44. Denied.

WHEREFORE, Intercard denies that Plaintiff is entitled to any relief.

### Class Representation Allegations

45. Intercard repeats and realleges Paragraphs 1 through 26 as if fully set forth herein.

46. Denied.

47. Intercard admits that Plaintiff is bringing a class action, but denies that this case may properly proceed as a class action.

48. Intercard admits that Plaintiff is excluding the listed persons from its proposed class, but denies that this case may properly proceed as a class action.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

### Count IV- Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 Et Seq.

56. Intercard repeats and realleges Paragraphs 45 through 55 as if fully set forth herein.

57. This is a legal conclusion which requires no response, but to the extent a response is required, Intercard denies the allegation.

58. This is a legal conclusion which requires no response, but to the extent a response is required, Intercard denies the allegation.

59. This is a legal conclusion which requires no response, but to the extent a response is required, Intercard denies the allegation.

60. This is a legal conclusion which requires no response, but to the extent a response is required, Intercard denies the allegation.

61. Denied.

62. Denied.

63. Denied.

WHEREFORE, Intercard denies that Plaintiff or any proposed class is entitled to any relief.

### Demand for Attorney's Fees

Intercard is entitled to recover its attorney's fees and costs pursuant to the parties' proposal for sale, copies of which are available at DE 10.  Additionally, Intercard is entitled to its attorney's fees and costs pursuant to Fla. Stat. § 501.2105.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for damages for breach of warranty (Counts I & II) are barred by the parties' proposal for sale, which limit the remedy to the repair or replacement of the defective part or equipment.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty (Counts I & II) are barred by the doctrine of contributory negligence because Plaintiff made and requested unique modifications to the Systems which affected their performance.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for promissory estoppel fails because the parties' relationship is governed by their proposals for sale which govern the relationship and establish the appropriate remedy.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for promissory estoppel fails because Intercard's alleged promise was not a definitive statement but was rather a promise to attempt to do something.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for promissory estoppel fails because Intercard's alleged promise was a truthful statement.

### SIXTH AFFIRMATIVE DEFENSE

Some putative class members' claims may be barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty (Counts I & II) are barred to the extent that Plaintiff's claims are based on any representations of the value of the Systems or an opinion or recommendation of the Systems.

Respectfully submitted,

By: s/Frank A. Zacherl
Frank A. Zacherl, Esq.
Florida Bar No. 868094
FZacherl@shutts.com

Oliver Sepulveda, Esq.
Florida Bar No. 111763
OSepulveda@shutts.com

**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Ste. 4100
Miami, FL  33131
Telephone:  (305) 358-6300
Facsimile:  (305) 381-9982
LMFernandez@shutts.com
KRicketts@shutts.com
*Attorneys for Defendant Intercard, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic mail and/or certified mail this 26th day of July, 2019 to:

Howard R. Behar
and
Samuel M. Sheldon
Attorneys for Plaintiff
The Behar Law Firm, P.A.
3323 NE 163rd Street, Suite 402
North Miami Beach, Florida 33160
Telephone: (786) 735-3300
Facsimile: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com

By: s/Frank A. Zacherl
Frank A. Zacherl, Esq.